ANSTEAD, Judge,
dissenting.
I agree with the majority that no reversible error has been demonstrated in the trial court’s ruling on the motion to suppress appellant’s statement to the police. However, I believe the trial court erred in its denial of a challenge for cause of a juror who had been exposed to publicity about the case, and had constructed a theory of the case that precisely fit the case presented by the state at trial.
During the examination of prospective jurors it was established that three of them had read some news accounts of the case. The trial court wisely directed that these three be questioned individually and out of the presence of the other prospective jurors. Upon individual questioning, two of the three jurors indicated no substantial knowledge of the facts of the case.
However, the third prospective juror, who ultimately served on the jury that convicted appellant, not only recalled the details of the alleged crime, but also had put together his own theory of what took place:
Q. As a result of your reading [the newspaper article] have you come to any firm belief or conviction in your mind as to the guilt or innocence of [appellant]? A. Well, I — I’m not totally ignorant or stupid and what you do as you read and you try to piece in things that happened and I came to the conclusion that there was drugs involved and I couldn’t see where a 15 year old boy could possibly loan a 29 year old man $60 unless there was some sort of a transaction of — of illegal narcotics. And I just assumed it but that’s what happened apparently, the man wouldn’t pay the boy and the boy fired a shot.
When asked if he would nonetheless “be able to keep an open mind during the course of [the] trial”, the juror stated:
I’d have to listen, I’m just telling you what I would conjure up right now but that’s not a hundred percent accurate probably, I’d have to listen to the evidence.
The trial court then asked and received an affirmative reply to the following question:
Regardless of this article ... you’d be willing to listen to all the facts and keep an open mind on the law that the judge gives you and make your decision on that basis?
*648 The scenario described by this prospective juror was basically the theory of the state’s case against the appellant.
The Florida Supreme Court has held that if a reasonable doubt exists as to a juror’s ability to decide a case solely on the matters presented at trial, such a juror should be excused from service. See Hamilton v. State, 547 So.2d 630 (Fla.1989). This is true regardless of a juror’s agreement to follow the law and to be fair in deciding the case. Singer v. State, 109 So.2d 7 (Fla.1959).
It is apparent that this juror came into the trial with a strongly held preconception of what happened. It appears from our record that there is a reasonable doubt as to whether this juror would base his decision solely on the facts and law presented at trial, or would simply conclude that his theory of the case had been validated by the proof presented at trial by the state. While it is possible that further questioning may have removed any reasonable doubt, that questioning did not take place. As in Singer, I do not believe a single boilerplate question eliciting a promise of an open mind is adequate.